IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GUANGZHOU JINLI ELECTRONIC TECHNOLOGY CO., LTD., <br> *Plaintiff*, <br> v. <br> SHENZHEN DAMUZHI HEALTH INFORMATION CONSULTING CO., LTD., <br><br> *Defendant*. | Civil Action No. 6:21-cv-1383 |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Guangzhou Jinli Electronic Technology Co., Ltd. ("Jinli Electronic" or "Plaintiff"), files this Complaint for Declaratory Judgment of Design Patent Invalidity against Defendant Shenzhen Damuzhi Health Information Consulting Co., Ltd. ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for Declaratory Judgment of Design Patent Invalidity, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and United States Patent Laws, 35 U.S.C. § 1 *et seq.* Specifically, Plaintiff seeks a Declaratory Judgment of Invalidity and Unenforceability of U.S. Design Patent No. D931,012 (the "'012 Patent") against Defendant.

**PARTIES**

2. Plaintiff Guangzhou Jinli Electronic Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China.

3. Upon information and belief, Defendant is a foreign company incorporated in China. Defendant is believed to have a principal place of business at No. 9, Xiasha 10th Alley, Xiashiwei, Fuwei, Fuyong Street, Bao'an District, Shenzhen, Guangdong China 518000.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 1367 and 2201(a).

5. On information and belief, the U.S. District Court for the Western District of Texas has personal jurisdiction over Defendant because Defendant regularly conducts business within this District or otherwise agrees to be subject to the jurisdiction of this district. For example, upon information and belief, Defendant sells the EPABO branded pillows on Amazon.com into this District.

6. Additionally, personal jurisdiction and venue exist in this Court over Defendant pursuant to 35 U.S.C. § 293 because Defendant has obtained rights in a United States Patent and, on information and belief, Defendant has not designated a domestic agent or representative for service of process.

7. Venue is proper in this district under 28 U.S.C. §1391. A substantial part of the events giving rise to the claim alleged herein occurred in this District. On information and belief, Defendant is a foreign company and resides with this District within the meaning of 28 U.S.C. § 1391 because Defendant regularly does business in this District and otherwise has sufficient contacts with this District to subject it to personal jurisdiction in this District.

## U.S. DESIGN PATENT NO. D931,012

8. United States Design Patent No. D931,012 is a design patent for "[t]he ornamental design for a pillow, as shown and described." The invention is simply entitled "PILLOW[.]" A true and correct copy of the '012 Patent is attached hereto as Exhibit A.

9. The '012 Patent contains seven (7) Drawing Sheets of the claimed pillow design, including a perspective view (FIG. 1), top view (FIG. 2), bottom view (FIG. 3), left side view (FIG. 4), right side view (FIG. 5), front view (FIG. 6), and back view (FIG. 7). *See* Ex. A.



FIG.1

10. Xiaoling Ouyang of Jiangzi, China is the inventor of record of the '012 Patent. *See* Ex. A.

11. Defendant Shenzhen Damuzhi Health Information Consulting Co., Ltd. is the applicant and assignee of record of the '012 Patent. *See* Ex. A.

12. The '012 Patent has a priority date of October 01, 2020, the date Application No. 29/753,787 (the "Application") was filed with the United States Patent and Trademark Office. *See* Ex. A.

13. As part of the initial Application, Defendant filed an Information Disclosure Statement, thereby listing two (2) U.S. Patents as prior-art references. *See* Exhibit B, Applicant IDS. Defendant failed to disclose any Non-Patent Literature Documents therein.

14. On April 01, 2021, after conducting a prior art search, the examiner further cited some thirty-seven (37) U.S. Patent Documents, two (2) Foreign Patent Documents, and five (5) Non-Patent Documents as prior art references. *See* Exhibit C, Notice of References Cited.

15. On April 01, 2021, the examiner issued a Non-Final Rejection under 35 U.S.C. § 112, as indefinite and non-enabling. *See* Exhibit D, Office Action. Therein, the examiner failed to raise any other patentability issues under 35 U.S.C. §§ 101, 102, or 103.

16. The '012 Patent thereby issued on September 21, 2021. *See* Ex. A.

## GENERAL ALLEGATIONS

17. Upon information and belief, Defendant sells pillows which embody the design of the '012 Patent on various online stores, including Amazon.com.

18. Plaintiff is a competitor of Defendant in the online pillow market. *See* Declaration of Gao at ¶ 3, attached hereto as Exhibit E. Plaintiff sells competing pillows (the "Accused Products") that Defendant has alleged infringe the '012 Patent.

19. Plaintiff's pillows are sold via online marketplaces such as Amazon.com and have enjoyed considerable commercial success. *Id*. at ¶¶ 4, 8.

20. As the assignee of record of the '012 Patent, Defendant has filed a number of Amazon.com infringement complaints against a number of Plaintiff's products. Id. at ¶¶ 6-7.

21. Plaintiff now seeks a declaratory judgment of invalidity of the '012 Patent.

## COUNT I: INVALIDITY OF THE '012 PATENT

22. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

23. The '012 Patent is invalid because it fails to satisfy the criteria of at least one or more of 35 U.S.C. §§ 101, 102, and 103, in light of the newly cited, anticipatory prior art.

24. For example, the '012 Patent is invalid as it lacks novelty under § 102. Plaintiff has unearthed at least two (2) prior art references that disclose the design of the '012 Patent and were in public use, on sale, or otherwise available to the public before the effective filing date of the

claimed invention, and thereby anticipate the '012 Patent. Neither of these references were cited by the examiner during prosecution.

25. The two anticipatory prior art references cited independently disclose every element of the claimed '012 design.

26. The first anticipatory prior art reference is the Polar Sleep Pillow, which was on sale at the latest by May 20, 2020, some 5-months before the effective filing date of October 01, 2020. *See* https://www.youtube.com/watch?v=sXDYdMedxN4. As evidenced by the side-by-side comparison below, the Polar Sleep Pillow and the '012 Patent are identical. Both are designed with a lower lined area, two high points with a ridge in between, and a protrusion at the front.



(https://www.kmart.com/polar-sleep-polar-sleep-memory-foam-pillow-ergonomic/p-A090326852)

27. The second anticipatory prior art reference is the Eden Pillow, which was on sale at the latest by August 15, 2019, more than a year before the effective filing date of October 01, 2020. *See* https://www.youtube.com/watch?v=58TaWZMyC50. As evidenced by the side-by-side comparison below, the Eden Pillow and the '012 Patent are identical. Both are designed with a lower lined area, two high points with a ridge in between, and a protrusion at the front.



28. These two separate disclosures are enabling to those of ordinary skill in the art because the references are specific enough so that those who possess ordinary skill in the particular field of pillow design, *i.e.* the Defendant, can, and did, recreate it.

29. Finally, the prior art references were publicly accessible through online sales stores and were the subject of various YouTube product reviews before the effective filing date.





30. Moreover, the '012 Patent is invalid as it is obvious under § 103. Prior to the effective filing date of the '012 Patent, it would have been obvious to one of ordinary skill in the art, having the teachings of the Eden Pillow and the Polar Sleep Pillow before him or her, to combine the Eden Pillow with the Polar Sleep Pillow to create the '012 Patent.

31. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgement of invalidity.

32. Therefore, Plaintiff seeks a judicial declaration of the respective rights and duties of the Parties based on Plaintiff's contentions as set forth above. Such a declaration is necessary and appropriate at this time so that the Parties may ascertain their respective right and duties regarding the invalidity of the claimed design of the '012 Patent.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a. A declaration that the '012 Patent is invalid and therefore unenforceable.

b. A declaration that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

c. Further relief as the Court may deem just and proper.

Dated this 30th day of December, 2021.            Respectfully submitted,

/s/ <u>*Hao Ni*</u>
Hao Ni
Texas Bar No.: 24047205
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
972.331.4600
97.314.0900 (facsimile)
hni@nilawfirm.com
*Counsel for Plaintiff Guangzhou Jinli*
*Electronic Technology Co., Ltd.*