IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **GUANGZHOU JINLI ELECTRONIC TECHNOLOGY CO., LTD.,**<br>*Plaintiff,*<br><br>v.<br><br>**SHENZHEN DAMUZHI HEALTH INFORMATION CONSULTING CO., LTD.,**<br>*Defendant.* | §§§§§§§§§§§ | W-21-CV-01383-ADA |

### ORDER DENYING PLAINTIFF'S MOTION TO RENEW ITS MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT

Before the Court is Plaintiff Guangzhou Jinli Electronic Technology Co., Ltd.'s Motion to Renew Its Motion for Alternative Service on Defendant Shenzhen Damuzhi Health Information Consulting Co., Ltd. (ECF No. 8). The Court, having considered the Motion, finds that the Motion should be **DENIED**.

### I.   BACKGROUND

Plaintiff filed its complaint against Defendant, requesting declaratory judgment of design patent invalidity. *See* ECF No. 1. Defendant is a Chinese company that, according to Plaintiff, is based in Shenzhen, China. ECF No. 1 ¶ 3.

This Court denied without prejudice Plaintiff's earlier Motion for Alternative Service (ECF No. 3), citing Plaintiff's failure to attempt to serve Defendant through traditional methods of service before asking permission for an alternative method. ECF No. 5 at 3. Subsequently, Plaintiff attempted to serve Defendant in three different ways. ECF No. 8-1 ¶¶ 3–6, 8, 9.

(1) Plaintiff served the summons to Defendant's U.S. counsel who had prosecuted the presently disputed patent, along with Plaintiff's complaint, two copies of the waiver form and Plaintiff's Notice of a Lawsuit and Request to Waive Service of a Summons. *Id.* ¶ 3. The prosecution attorney represented to Plaintiff's counsel that he no longer represents Defendant. *Id.*

1

(2) Plaintiff sent the summons, the Complaint, 2 copies of the waiver form and Plaintiff's Notice of a Lawsuit and Request to Waive Service of a Summons to Defendant's fax number which Defendant had submitted to the U.S. Patent and Trademark Office in one of Defendant's trademark applications. *Id.* ¶¶ 4–6. Plaintiff has received no response from Defendant. *Id.* ¶ 7.

(3) Plaintiff also retained a process server to serve Defendant at the correspondence address that Defendant provided the USPTO for the presently disputed patent. *Id.* ¶ 8. The process server could not serve Defendant at that address because it is a private residence and the tenants that live there said they did not know the Defendant. *Id.* ¶ 9.

Plaintiff did not attempt to serve Defendant through the Hague Service Convention and now seeks an order authorizing alternative service on Defendant through an email address that Defendant allegedly uses to communicate with Amazon.com.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation outside the United States is to be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

## III.     ANALYSIS

Plaintiff argues that alternative service should be permitted because it has attempted to serve Defendant in three different ways and "alternative service through email is likely the best,

fastest, and most reliable method or service available under the circumstances of this case." ECF No. 8 at 3.

"[T]he task of determining when the particularities and necessities of a given case require alternate service of process is placed squarely within the sound discretion of the district court." *SEC v. Millennium Bank*, No. 7:09-CV-050-O, 2009 WL 10689097, at *1 (N.D. Tex. Oct. 21, 2009). This Court has repeatedly emphasized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its effort to secure service of process upon a defendant." *Monolithic Power Systems, Inc. v. Meraki Integrated Circuit (Shenzen) Technology, Ltd.*, No. 6:20-cv-00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. October 25, 2021).

Plaintiff has not attempted to follow the service of process procedures in the Hague Service Convention, but rather once again asks this Court to permit Plaintiff to sidestep those procedures from the outset. This Court declines that invitation for the second time. This Court previously provided guidance to Plaintiff on the appropriate showing to obtain alternative service from this Court, noting that "district courts are more likely to permit alternative service…if service in compliance with the Hague Service Convention was attempted." ECF No. 5 at 2 (citing *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 WL 3270832, at *3 (W.D. Tex. June 17, 2020)). This is true even in cases involving service on a Chinese entity. *See Monolithic Power Systems*, 2021 WL 4974040, at *1 (denying alternative service). Plaintiff has not attempted to serve Defendant through the procedures set out in the Hague Service Convention or other methods that comply with foreign law. Thus, the Court **DENIES** Plaintiff's Motion to Renew Its Motion for Alternative Service.

The Court's denial of Plaintiff's Motion to Renew Its Motion for Alternative Service is without prejudice. However, future attempts to seek alternative service will likewise be unsuccessful unless Plaintiff can provide evidence that it attempted service through the Hague Service Convention and was either unsuccessful or encountered extreme delays of greater than six months. Additionally, this Court must also be assured that the requested service will satisfy due process. Any future attempts by Plaintiff to seek alternative service must include evidence and support demonstrating that the proposed alternative means such as an email is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Renew its Motion for Alternative Service on Defendant is **DENIED** without prejudice.

SIGNED this 16th day of June, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE